UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SERGIO BALBUENA,

                           Plaintiff,

-against-

CRYSTAL TRANSPORTATION CORP.,
GIL RELLA SR., and GIL RELLA JR.

                           Defendants.
-------------------------------------------------------------X

## COMPLAINT

Plaintiff, SERGIO BALBUENA (hereinafter, "Plaintiff"), as and for his Complaint against Defendants, CRYSTAL TRANSPORTATION CORP., GIL RELLA SR., and GIL RELLA JR. (hereinafter, "Defendants") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter, the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Law") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

## PARTIES

5. Plaintiff was employed by Defendants as a truck washer and garage attendant from on or about January 1999 until on or about March 2017.

6. Defendant CRYSTAL TRANSPORTATION CORP. (hereinafter, "Crystal") is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7. Upon information and belief, Crystal operates or has operated a freight shipping and trucking company located at 2010 White Plains Road, Bronx, New York.

8. Upon information and belief, Defendant GIL RELLA SR. (hereinafter, "Rella Sr.") is a resident of the State of New York.

9. Upon information and belief, Defendant GIL RELLA JR. (hereinafter, "Rella Jr.") is a resident of the State of New York.

10. At all relevant times, Defendant Rella Sr. was and still is an officer of Defendant Crystal. Upon information and belief, at all times relevant, Rella Sr. exercised operational control over Crystal, controlled significant business functions of Crystal, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Crystal in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Rella Sr. has been an employer under the FLSA and the New York Wage and Hour Law.

11. At all relevant times, Defendant Rella Jr. was and still is an officer of Defendant Crystal. Upon information and belief, at all times relevant, Rella Jr. exercised operational control over Crystal, controlled significant business functions of Crystal, determined employee salaries, made hiring decisions, and acted on behalf of and in the

interest of Crystal in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Rella Jr. has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

12. At all times relevant to this action, Plaintiff was employed as a truck washer and garage attendant for the benefit of and at the direction of Defendants at their freight shipping and trucking company located at 2010 White Plains Road, Bronx, New York.

13. Plaintiff's responsibilities included washing trucks, delivering paperwork, and cleaning oil spills.

14. From on or about May 15 until on or about October 15 of each year during the period of 2011 through 2016, Plaintiff worked Monday through Friday from 7:00 a.m. until 5:00 p.m.

15. During this time, Plaintiff worked fifty (50) hours per week.

16. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks of more than 15 minutes.

17. From on or about October 15 until on or about May 15 of each year during the period of 2011 through 2016, Plaintiff worked Monday through Friday from 6:00 a.m. until 9:00 p.m. During this time period, Plaintiff also worked Saturdays from 7:00 a.m. until 4:30 p.m. and four Sundays from 7:00 a.m. until 4:30 p.m.

18. During this time, Plaintiff worked eighty-four and one-half (84.5) hours per week. When Plaintiff worked on Sunday, he worked ninety-four (94) hours per week.

19. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks of more than 15 minutes.

20. From on or about January 1, 2017 until on or about February 6, 2017, Plaintiff worked Monday through Friday from 7:00 a.m. until 9:00 p.m. and Saturday from 7:00 a.m. until 4:00 p.m.

21. During this time, Plaintiff worked seventy-seven and a half (77.5) hours per week.

22. During this time, Plaintiff received and took one thirty-minute meal break per work day, but only during three work days per week. The remaining work days of the week, Plaintiff did not receive and did not take any uninterrupted meal breaks of more than 15 minutes.

23. During this time period, Defendants paid Plaintiff $672.00 per week.

24. During this time period, Defendants did not pay Plaintiff minimum wages pursuant to the requirements of the New York Labor Law.

25. From on or about February 6, 2017 until March 2017, Plaintiff worked Monday through Friday from 9:00 a.m. until 5:00 p.m. and Saturday from 7:00 a.m. until 4:00 p.m.

26. During this time, Plaintiff worked and forty-nine (49) hours per week.

27. During this time, Plaintiff did not receive and did not take any uninterrupted meal breaks of more than 15 minutes.

28. Throughout his employment, Plaintiff was paid in cash, with the one exception of a single personal check he received in or about January 2017 for $672.00.

29. Throughout his employment, Defendants did not require Plaintiff to clock in or out for any of his shifts.

30. Throughout his employment, Defendants paid Plaintiff a weekly amount of compensation.

31. During the time period October 15 to May 15 of each year from 2011 through 2016, Defendants paid Plaintiff about $800.00 a week for his work.

32. During the time period May 15 to October 15 of each year from 2011 through 2016, Defendants paid Plaintiff about $560.00 a week for his work.

33. Throughout his employment, Defendants did not pay Plaintiff overtime compensation.

34. Throughout his employment, Defendants did not pay Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

35. Throughout his employment, Defendants did not record the hours that Plaintiff worked each day and each week.

36. Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL § 195(1).

37. Throughout Plaintiff's employment, Defendants failed to provide Plaintiff with paystubs or wage statements as required by NYLL § 195(3).

38. Throughout Plaintiff's employment, Defendants handed him cash each week and did not provide a cash receipt or paystub at any time.

39. Defendants managed Plaintiff's employment, including the amount of overtime worked.

40. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

41. Defendants were and are aware of Plaintiff's work hours, but have failed to pay Plaintiff the full amount of wages to which he is and has been entitled for this work time under the law.

42. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

43. Defendant Rella Sr. participated in the decision to hire Plaintiff.

44. Defendant Rella Sr. participated in the daily supervision of Plaintiff's duties.

45. Defendant Rella Sr. participated in setting Plaintiff's work schedules.

46. Defendant Rella Sr. participated in deciding the manner in which Plaintiff has been paid during his employment.

47. Defendant Rella Sr. participated in running the day-to-day operations of Crystal during Plaintiff's employment.

48. Defendant Rella Sr. participated in deciding the hours that Plaintiff worked each week during his employment.

49. Defendant Rella Sr. participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

50. Defendant Rella Jr. participated in the decision to hire Plaintiff.

51. Defendant Rella Jr. participated in the daily supervision of Plaintiff's duties.

52. Defendant Rella Jr. participated in setting Plaintiff's work schedules.

53. Defendant Rella Jr. participated in deciding the manner in which Plaintiff has been paid during his employment.

54. Defendant Rella Jr. participated in running the day-to-day operations of Crystal during Plaintiff's employment.

55. Defendant Rella Jr. participated in deciding the hours that Plaintiff worked each week during his employment.

56. Defendant Rella Jr. participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

## COUNT I
## FLSA Overtime Claim

57. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

58. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

59. The Defendants were and are subject to the overtime pay requirements of the FLSA because said Defendants are enterprises engaged in commerce or in the production of goods for commerce.

60. Upon information and belief, the gross annual volume of sales made or business done by the corporate Defendant for the years 2016, 2015, and 2014 was not less than $500,000.00.

61. At all times relevant to this Complaint, Defendants had, and continue to have, employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who works as a washer, deliveryman, and cleaner.

62. At all times relevant to this action, Plaintiff has been and continues to be entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq.*

63. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

64. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

65. Section 13 of the FLSA, 29 U.S.C. §213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

66. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

67. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

68. Defendants have not acted in good faith with respect to the conduct alleged herein.

69. As a result of Defendants' violations of the FLSA, Plaintiff has and continues to incur harm and loss in an amount to be determined at trial, along with

liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT II
## NYLL Overtime Claim

70. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

71. At all times relevant to this action, Plaintiff has been employed by Defendants within the meaning of New York Labor Law §§2 and 651.

72. Under New York law, an employee must be paid overtime, equal to one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR §142-2.2.

73. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Law.

74. By the above-alleged conduct, Defendants have failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

75. Plaintiff is not exempt from the overtime provisions of the New York Labor Law, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

76. Defendants have acted willfully and have either known that their conduct violated the New York Labor Law or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Law. Defendants have not acted in good faith with respect to the conduct alleged herein.

77. As a result of Defendants' violations of the NYLL, Plaintiff has and continues to incur harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL Minimum Wage Claim

78. At all relevant times to this action, Plaintiff has been an employee of Defendants, and Defendants have been employers of Plaintiff within the meaning of §§ 2 and 651 of the NYLL and the supporting New York State Department of Labor Regulations.

79. At all relevant times, Plaintiff has been covered by the NYLL.

80. The wage provisions of Article 19 of the NYLL and its supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff.

81. During the time period January 2017 to March 2017, Defendants regularly and routinely failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL.

82. During this time period, Defendants willfully failed to pay Plaintiff at the applicable minimum hourly wage in violation of the New York Minimum Wage Act, Article 19 of the NYLL, specifically NYLL § 652, and the supporting New York State Department of Labor Regulations.

83. As a result of Defendants' unlawful practices, Plaintiff has suffered a loss of wages. As a result of Defendants' violations of the NYLL and the supporting Regulations promulgated therein, Plaintiff has incurred harm and loss in an amount to be determined at trial and is entitled to recover from Defendants his unpaid minimum wages,

as provided for by the NYLL, in addition to liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## COUNT IV
## NYLL Wage Notice Claim

84. Defendants willfully failed to furnish Plaintiff with wage notices during the entirety of his employment, including the date of his hiring, as required by NYLL § 195(1), in English or in the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rate of pay and overtime rate of pay.

85. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

86. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT V
## NYLL Wage Statement Claim

87. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee;

name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

88. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Law.

89. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

A. Declare and find that the Defendants committed one or more of the following acts:

1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;

2. Willfully violated overtime provisions of the FLSA;

3. Violated the provisions of the NYLL by failing to pay overtime and minimum wages to Plaintiff;

4. Willfully violated the overtime wages of the NYLL.

B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;

D. Award all costs, attorney's fees incurred in prosecuting this action as well as liquidated damages under the FLSA and NYLL; and

E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
March 14, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra Crystal Transportation, Gilberto Rella and Gilberto Rella Jr. y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against , , , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

_____
Firma (Signature)


_____
Sergio Valbuena


_____
1944 Chatterton Ave.


_____
Bronx, NY,